**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Abelardo AMAYA–PORTILLO,**
**Defendant–Appellant.**

No. 04–4672.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 2005.

Decided Sept. 6, 2005.

**ARGUED:** Daniel William Stiller, Assistant Federal Public Defender, Office of the Federal Public Defender, Greenbelt, Maryland, for Appellant. Bonnie S. Greenberg, Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public De-

fender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Baltimore, Maryland, for Appellee.

Before WIDENER and SHEDD, Circuit Judges, and CACHERIS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Senior Judge CACHERIS wrote the opinion, in which Judge WIDENER joined. Judge SHEDD wrote a separate opinion concurring in part and dissenting in part.

## OPINION

CACHERIS, Senior District Judge.

Jose Amaya–Portillo appeals the district court's application of Sentencing Guideline 2L1.2(b)(1)(C), a sentencing enhancement applied when an alien was previously deported after a conviction for an "aggravated felony." Amaya–Portillo has also filed a motion to remand for sentencing consistent with *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] For the reasons set forth below, the Court will deny Defendant's motion to remand and reverse the ruling of the district court applying the sentencing enhancement.

## I.

In 1999, Defendant Amaya–Portillo, a citizen of El Salvador, was convicted for possession of cocaine, in violation of Md. Code, Art. 27, 287(e). Under Maryland law, the offense is characterized as a mis-

demeanor, and carries a maximum sentence of imprisonment of four years' incarceration or a fine not exceeding $25,000, or both. *See* Md.Code, Art. 27 287(e)(2002)(current version at Md.Code Ann., Crim. Law 5–601(c)(1)(2005)). Amaya–Portillo was sentenced to a period of incarceration, which was entirely suspended, and 18 months of probation. J.A. 17, 56. Amaya–Portillo was subsequently deported to El Salvador on or about August 1, 2003. On or about February 19, 2004, Amaya–Portillo was found in Germantown, Maryland. He had not obtained any authorization from United States law enforcement officials to reapply for admission to the United States.

On June 25, 2004, Amaya–Portillo pleaded guilty to one count of unlawful reentry of a deported alien, in violation of 8 U.S.C. 1326. On August 16, 2004, Defendant appeared before the District Court for the District of Maryland for sentencing.[2]

Unlawful reentry of a deported alien carries a base offense level of 8 under the United States Sentencing Guidelines Manual (2004). U.S. Sentencing Guidelines Manual 2L1.2(a)(2004). The parties disagreed as to the level of increase to the base offense level. The Government argued that the offense level should be increased by 8 levels because the Defendant was deported after a conviction for an "aggravated felony" pursuant to section 2L1.2(b)(1)(C). The Defendant argued that the offense level should only be increased by 4 levels because he was deported after a conviction for "another felony" pursuant to section 2L1.2(b)(1)(D). The Pre–Sentence Report ("PSR") took the po-

---

1. Consolidated with *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. Since Defendant was sentenced before the Court decided *United States v. Hammoud*, 381 F.3d 316 (4th Cir.2004), the district court did not impose an alternative non-guidelines sentence.

sition of the Defendant that the offense level should be increased by only 4 levels.

The district court, however, agreed with the Government and applied an 8 level offense increase. J.A. 41–42. On August 18, 2004, Defendant filed this appeal. The Court has jurisdiction in this case pursuant to 28 U.S.C. 1291 (2004). The issue on appeal is whether Defendant's 1999 conviction for possession of cocaine constitutes an "aggravated felony" for purposes of section 2L1.2(b)(1)(C). This appeal is currently before the Court.

On January 31, 2005, Defendant filed a motion for remand to the district court for sentencing consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendant claims that *United States v. Hughes,* 396 F.3d 374 (4th Cir.2005) allows the Court to exercise its discretion to correct the plain error and remand the case. The Government opposes the motion, and claims that: (1) Defendant waived the right to appeal the Sentencing Guidelines calculation when he pleaded guilty; and (2) the district court's sentence does not constitute plain error. This motion is also before the Court.

## II.

Defendant argues that his sentence violates the Supreme Court's decision in *Booker.* Since he raises this issue for the first time on appeal, and because this issue was not advanced in the district court, we review the district court decision for plain error. *United States v. Hughes,* 396 F.3d at 379 (citations omitted).

Although the Court would normally review the district court's sentencing for plain error, the Court need not reach that analysis since the Defendant admitted as part of his plea agreement the facts giving rise to his sentence. In *Booker,* the Supreme Court reaffirmed its holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000), and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *See Booker,* 125 S.Ct. at 756.

Defendant's plea agreement stated:

The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the guidelines range, reserving only the right to appeal from an upward or downward departure from the guidelines range that is established at sentencing and the district court's determination as to whether a prior conviction for possession of cocaine warrants a 4– or 8–level adjustment under U.S.S.G. § 2L1.2. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision.

J.A. 10.

■ The Supreme Court explained in *Booker* that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Amaya–Portillo does not argue that his sentence exceeds the statutory maximum. Rather, his only argument in seeking re-

mand is that his sentencing was in error because the district court treated the Sentencing Guidelines as mandatory, whereas they are now only to be advisory. However, the Defendant waived this argument when he pleaded guilty.

A defendant may waive his right to appeal if that waiver is "the result of a knowing and intelligent decision to forgo the right to appeal." *United States v. Broughton–Jones*, 71 F.3d 1143, 1146 (4th Cir.1995)(quoting *United States v. Attar*, 38 F.3d 727, 731 (4th Cir.1994)). Defendant does not argue that his waiver of the right to appeal was not knowing or intelligent. In fact, his plea agreement states that he knowingly and expressly waived the right.

Moreover, it appears that when the district court accepted the guilty plea, the judge engaged in a colloquy with the Defendant to ensure that the Defendant understood the provision of the plea agreement in which the Defendant waived his right to appeal. (*See* Appellee's Resp. Mot. to Remand at 1–2). In fact, the court accepted Defendant's guilty plea the day after the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and the parties agreed that *Blakely* was inapplicable since judicial fact-finding was not necessary based on the issues present in the sentencing. J.A. 38.

■ Developments in the law announced by *Booker* and *Hughes* subsequent to Defendant's guilty plea do not invalidate his plea. *United States v. Blick*, 408 F.3d 162, 170 (4th Cir.2005); *see also Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). Accordingly, Amaya–Portillo's guilty plea and waiver of his right to appeal his sentence precludes him from seeking resentencing under an advisory guidelines scheme pursuant to *Booker*.[3] The Court will deny the motion to remand.[4]

## III.

The Fourth Circuit reviews the district court's imposition of the sentence enhancement *de novo* because it entails the interpretation of a statute. *United States v. Wilson*, 316 F.3d 506, 512 (4th Cir.2003), *cert. denied*, 538 U.S. 1025, 123 S.Ct. 1959, 155 L.Ed.2d 871 (2003).

■ Amaya–Portillo challenges the enhancement of his sentence pursuant to section 2L1.2(b)(1)(C) of the Sentencing Guidelines, which provides for an 8 level enhancement for illegal reentry when the defendant was previously deported after "a conviction for an aggravated felony."[5] The issue presented is whether a state

---

**3.** The Court notes that even if we were to hold that the waiver was invalid, Amaya–Portillo would not be entitled to resentencing because there is nothing in the record to show that he suffered actual prejudice by being sentenced under the mandatory guideline regime that existed prior to Booker. *See United States v. White*, 405 F.3d 208 at 223–24 (4th Cir.2005).

**4.** As explained below, we must nonetheless remand for resentencing because of an error in the determination of Amaya–Portillo's

guidelines sentence. In resentencing Amaya–Portillo, the district court must treat the guidelines as advisory. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir.2005).

**5.** In his plea agreement, Amaya–Portillo reserved his right to appeal the district court's determination as to whether a prior conviction for possession of cocaine warrants a 4– or 8–level adjustment under the Sentencing Guidelines. J.A. 10.

conviction for possession of cocaine can ultimately qualify as an "aggravated felony" under section 2L1.2 if it is a misdemeanor under the applicable state law and punishable only as a misdemeanor under the Controlled Substances Act ("CSA"), 21 U.S.C. 801 *et seq.* This is a question of first impression in this circuit. The district court concluded that regardless of Maryland's classification of the offense as a misdemeanor, the offense qualified as an aggravated felony since the maximum sentence was more than one year. J.A. 34–36. We disagree.

Our analysis is largely taken from the Court's opinion in a similar case, *United States v. Wilson,* 316 F.3d 506, 512 (4th Cir.2003). As dictated by *Wilson,* our analysis begins with the guideline itself. The term "aggravated felony" is not defined in the text of subsection 2L1.2. However, the application note for the subsection states that an "aggravated felony" has the meaning given that term in 8 U.S.C. 1101(a)(43). U.S. Sentencing Guidelines Manual 2L1.2, cmt. n.3. Section 1101(a)(43) of Title 8 provides that "[t]he term 'aggravated felony' means—(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18). . . ." 8 U.S.C. 1101(a)(43)(B). Section 924(c) of Title 18 states that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), . . . [or two other enumerated statutes.]" 18 U.S.C. 924(c)(2). The two elements of section 924(c)(2) are (1) any felony, that is (2) punishable under the CSA (or one of the other two enumerated statutes). *Wilson,* 316 F.3d 506 at 512.

To determine whether the state crime is a "felony," the Court must consider whether Amaya–Portillo's state conviction for possession of cocaine amounts to a felony

within the meaning of section 924(c)(2). Possession of cocaine is punished by the CSA as a misdemeanor. *See* 21 U.S.C. 844(a)(providing for a term of imprisonment of not more than 1 year). Thus, the offense meets the second requirement of 18 U.S.C. § 924(c)(2). The CSA defines the term "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. 802(13). This Court has found that definition to be "clear and unambiguous." *Wilson,* 316 F.3d at 512.

The district court determined that Amaya–Portillo's state misdemeanor conviction which carried a maximum sentence of four years' incarceration qualified as a felony under 21 U.S.C. 802. The district court used Title 21 U.S.C. 802(44) as a guide to classifying a "felony" under section 802(13). Section 802(44) of Title 21 defines the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or a State or foreign country. . . ." 21 U.S.C. 802(44). The court noted that application note 2 to Section 2L1.2 states "[f]or purposes of subsection (b)(1)(A), (B), and (D), 'felony' means any federal, state, or local offense punishable by imprisonment of a term exceeding one year." U.S. Sentencing Guidelines Manual 2L1.2, cmt. n.2 (2004). The court also noted that application note 4 defines "misdemeanor" as "any federal, state, or local offense punishable by a term of imprisonment of one year or less." *Id.,* cmt. n.4(A). Finally, the court stated that its conclusion was somewhat supported by language in *Wilson* where this Court used the length of potential punishment as a way to classify a prior conviction as a felony or as a misdemeanor.

The Government argues in support of its position that defining a "felony" to include a state misdemeanor conviction for which

the exposure is more than one year's imprisonment so as to avoid "discrepancy in treatment across the nation based upon labels in state law, and instead ... recognize that the treatment for punishment purposes was a more reliable indicator for the seriousness of the offense," (J.A. 36) is consistent with the way state misdemeanors are treated for purposes of the felon-in possession cases under 18 U.S.C. 922(g), career offender determination, and Armed Career Criminal Act prosecutions. The Government also argues that the definition set forth in 21 U.S.C. 802(44) which turns on the possible punishment is consistent with the definition of a felony under 18 U.S.C. 3559(a).

The gravamen of the Government's position is that since Congress has defined a "felony" as a crime punishable by more than one year imprisonment in other contexts, the same definition should be applied in this context. For example, Section 922(g) of Title 18 states: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to ship or transport in interstate or foreign commerce ... any firearm or ammunition...." 18 U.S.C. 922(g)(1)(2004). The charge associated with this statute is being a "felon in possession of a firearm," and the statute implicitly defines a "felon" as someone who has been convicted of a crime punishable by imprisonment of more than one year. However, this statute is inapplicable to the issue in this case. Although these statutes indicate that Congress has deemed as relevant potential punishment rather than a

state's classification of the offense in other contexts, they do not show that Congress so intended for purposes of Sentencing Guideline 2L1.2(b)(1)(C). If anything, the fact that Congress could have so defined a "felony" for purposes of Sentencing Guideline section 2L1.2(b)(1)(C), but did not, indicates that Congress did not intend for the same definition of a "felony" as a crime punishable by more than one year of imprisonment to apply.

Amaya–Portillo argues that application of Section 2L1.2(b)(1)(C) in this case turns upon a state's classification of an offense as a felony or misdemeanor, rather than the possible penalty attached to the offense. He makes the following arguments: (1) Section 802(13) of Title 21 contains the relevant definition of "aggravated felony" for purposes of section 2L1.2(b)(1)(C) and expressly defines "felony" as those offenses "classified" as such by the jurisdiction in which the crime occurred; (2) the commentary to Section 2L1.2 makes potential punishment the appropriate measure for all purposes except determining whether a prior offense constitutes an "aggravated felony;" (3) in *Wilson*, this Court determined that possession of cocaine in violation of Virginia law constitutes an "aggravated felony" because it is "classified as a felony under the law of the relevant state;" and (4) the Court's decision in *Wilson* followed cases from seven other circuits, each of which conducted the "aggravated felony" inquiry by focusing upon the "classification" of an offense under state law rather than upon potential punishment. These arguments are persuasive.[6]

---

**6.** Defendant submitted as supplemental authority pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, the D.C. Circuit's decision in *United States v. West,* 393 F.3d 1302 (D.C.Cir.2005). In *West*, the court considered whether an underlying Maryland conviction for misdemeanor possession of a

narcotic drug was a "felony drug offense" meriting a sentencing enhancement under 21 U.S.C. 841(b)(1)(A). The court concluded that in order to determine whether the first conviction was a "prior conviction for a felony drug offense" meriting the sentencing enhancement, Section 841(b)(1)(A) must be read

Under the analysis dictated by *Wilson*, the Court does not consider the definition of "felony drug offense" under Title 21 U.S.C. 802(44) in this context. Rather, section 2L1.2(b)(1)(C) directs the Court, albeit circuitously, to the definition of a "felony" in Title 21 U.S.C. 802(13). As the Court stated in *Wilson*, "that definition is clear and unambiguous." 316 F.3d at 512. Thus, the definition encompassed the defendant's Virginia conviction because the offense was a felony under Virginia law. *Id.* By the same reasoning, since Amaya–Portillo's offense is not classified by Federal or State law as a felony, the offense is not a "felony" as defined by Section 802(13), and not an "aggravated felony" for purposes of section 2L1.2(b)(1)(C).

The Government points out that the Court in *Wilson* noted that the definition of a felony as a Federal or State offense classified by applicable Federal or State law as a felony "is also consistent with the definition used in the guideline at issue." 316 F.3d at 513 n. 4 (citing U.S. Sentencing Guidelines Manual 2L1.2, cmt. n.1(B)(iv)(2001)). The application note the Court was referring to defines "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." However, that application note expressly states the definition of "felony" "[f]or purposes of subsection (b)(1)(A), (B), and (D)." A different application note states the definition of "aggravated felony" "[f]or purposes of subsection (b)(1)(C)."

As Amaya–Portillo points out, this commentary to section 2L1.2 makes potential punishment the appropriate measure for all purposes except determining whether a prior offense constitutes an "aggravated felony." *See* U.S. Sentencing Guidelines Manual 2L1.2, cmt. n.2, 3(A). That the Sentencing Commission did not make potential punishment the appropriate measure for determining whether a prior offense constitutes an "aggravated felony," but did so for determining whether a prior offense constitutes a "felony," indicates that the Sentencing Commission did not intend for potential punishment to be the appropriate measure for determining whether a prior offense constitutes an "aggravated felony."

Finally, the Court's decision in *Wilson* followed cases from seven other circuits, each of which conducted the "aggravated felony" inquiry by focusing upon the "classification" of an offense under state law rather than upon potential punishment. *Wilson*, 316 F.3d at 512 (citing *United States v. Ibarra–Galindo*, 206 F.3d 1337 (9th Cir.2000) [7]; *United States v. Pornes–Garcia*, 171 F.3d 142 (2d Cir.1999); *United States v. Simon*, 168 F.3d 1271 (11th Cir. 1999); *United States v. Hinojosa–Lopez*, 130 F.3d 691 (5th Cir.1997); *United States v. Briones–Mata*, 116 F.3d 308 (8th Cir. 1997); *United States v. Cabrera–Sosa*, 81 F.3d 998 (10th Cir.1996); *United States v. Restrepo–Aguilar*, 74 F.3d 361 (1st Cir. 1996)). In each of those cases, the defendants had committed offenses that were

---

*in pari materia* with Sections 802(13) *and* 802(44). *Id.* at 1305 (emphasis in original). Thus, the court held that a prior drug conviction only provides the predicate for the enhancement if it is *both* punishable by more than one year of imprisonment *and* characterized as a felony by the controlling law, either state or federal. *Id.* (emphasis in original). Since the offense was not a felony under Maryland law or the CSA, the enhancement could not be applied. However, because the

sentencing enhancement in section 841(b)(1)(A) specifically applies to a "felony drug offense," the court's analysis is not instructive on the issue now before this Court.

7. The Ninth Circuit now focuses on potential punishment rather than the classification of the offense under state law. *See United States v. Robles–Rodriguez*, 281 F.3d 900, 904–05 (9th Cir.2002).

felonies under state law, but not federal law. Nevertheless, the courts of appeals concluded that the defendants had committed "felonies" for purposes of 21 U.S.C. 802(13), and section 2L1.2 of the Sentencing Guidelines. No court of appeals has squarely addressed the issue presented in this case: whether an offense is a "felony" for purposes of the CSA and section 2L1.2 if the offense is not labeled a felony under state or federal law.

The Ninth Circuit has come close to this issue. In *United States v. Robles–Rodriguez*, 281 F.3d 900, 904 (9th Cir.2002), the court rejected an interpretation of "felony" to "mean that an offense is a felony under the Controlled Substances Act as long as the convicting jurisdiction labels it as such, without regard to the punishment designated for the offense." Rather, the court concluded that a "felony" under the Controlled Substances Act describes "offenses punishable by more than one year's imprisonment under applicable state or federal law." The court came to this conclusion for three reasons.

First, it looked to the CSA's definition of a "felony drug offense" as "an offense that is *punishable by imprisonment for more than one year* under any law of the United States or of a State or foreign country." *Id.* (citing 21 U.S.C. 802(44)(emphasis in original)). The court reasoned that under the interpretation it rejected, a drug offense could be a felony (and therefore a "felony drug offense") even if punishable by less than one year's imprisonment—a result clearly inconsistent with the statute's definition of "felony drug offense." *Id.* Invoking the canon of statutory construction that "one provision of a statute should not be interpreted in a manner that renders other sections of the same statute inconsistent, meaningless, or superfluous," the court determined that Congress intended the word "felony" to describe of-

fenses punishable by more than one year's imprisonment under applicable state or federal law. *Id.* (citing *United States v. Fiorillo*, 186 F.3d 1136, 1153 (9th Cir. 1999)).

Second, the court noted that Congress has a longstanding practice of equating the term "felony" with offenses punishable by more than one year's imprisonment. *Id.* (citations omitted). And it noted that federal offenses today are defined as felonies if they are punishable by more than one year's imprisonment. *Id.* (citing 18 U.S.C. 3559(a)). Because the court saw no clear indication that Congress "intended to abandon its general approach of using uniform categorical definition to identify predicate offenses," it was "reluctant to infer … that Congress intended to abandon its long-established practice of using the term 'felony' to describe offenses punishable by more than one year's imprisonment." *Id.* at 904–5.

Third, the court presumed that by defining aggravated felonies with reference to state law, Congress "intended to accord respect in the federal sentencing scheme to each state's judgment regarding the appropriate punishment of criminal offenses." *Id.* at 905. In *United States v. Ibarra–Galindo*, 206 F.3d 1337, 1339–40 (9th Cir.2000), the court had held that a state drug possession offense that was punishable as a felony under state law, but would have been only a misdemeanor if charged under federal law, was still an "aggravated felony" for purposes of the Sentencing Guidelines. From *Ibarra–Galindo*, the court extracted "the sound principle that a state's judgment about the appropriate punishment for an offense is entitled to deference in the federal sentencing scheme." 281 F.3d at 905. It should be noted that in *Ibarra–Galindo*, the court had held that it was the "denomination" or "classification" of an offense by

a state court as a felony that determined whether the offense was an aggravated felony for purposes of the Sentencing Guidelines. *See Ibarra–Galindo,* 206 F.3d at 1339–40. The court did discuss giving deference to the state, stating "we may infer that the Sentencing Commission intended with U.S.S.G. § 2L1.2 to affix greater weight to the fact that a defendant has violated what the relevant jurisdiction *declares* to be a 'felony' than to the fact that the federal government demarcates felonies and misdemeanors on a different basis than the state does." *Id.* at 1340 (emphasis in original).

The Sixth Circuit recently adopted the rule announced in *Robles–Rodriguez* and held that "a state drug conviction is not a felony under state law, even if it is labeled as such, if it is not punishable under state law by a term of imprisonment of more than one year." *Liao v. Rabbett,* 398 F.3d 389, 395 (6th Cir.2005).

However, we refuse to adopt the same rule. As a threshold matter, it is not clear that the Ninth and Sixth Circuits would rule that Amaya–Portillo's drug possession offense is an aggravated felony because neither court has considered whether a state crime labeled a misdemeanor, but also punishable by more than one year's imprisonment, is an aggravated felony. In fact, their analysis concluding that the length of possible imprisonment is the deciding factor is not particularly instructive because they have not confronted the issue before us now. In addition, we do not find the Ninth Circuit's analysis persuasive.

In *Wilson,* the Court stated that the definition of "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony" is "clear and unambiguous." *Wilson,* 316 F.3d at 512. We see no reason to look to the definition of a "felony drug offense" to determine whether Amaya–Portillo's drug crime is a

"felony punishable under the Controlled Substances Act." *See* 18 U.S.C. 924(c)(2). Section 924(c)(2) could easily have defined a "drug trafficking crime" as a "felony drug offense" punishable under the Controlled Substances Act. Yet it does not; it defines a "drug trafficking crime" as a "felony punishable under the Controlled Substances Act." 18 U.S.C. 924(c)(2). "Felony" and "felony drug offense" are two different terms with different definitions under the CSA. *Compare* 21 U.S.C. 802(13) *with* 21 U.S.C. 802(44). Had Congress intended to define a "drug trafficking crime" as a drug offense punishable by imprisonment for more than one year, it easily could have done so.

Although this interpretation does create an odd result, where Amaya–Portillo's drug possession offense is a "felony drug offense," but not a "felony," under the CSA, we refuse to misread the statute to create a more consistent result. Moreover, the fact that Section 924(c)(2) is so written provides evidence that Congress "intended to abandon its general approach of using uniform categorical definition to identify predicate offenses." *Robles–Rodriguez,* 281 F.3d at 904.

Finally, our interpretation gives deference to a state's judgment, not as to the appropriate punishment, but as to whether the offense is a felony. We see no reason to conclude that Congress intended the question of whether simple drug possession is an aggravated felony to hinge on the amount of imprisonment possible.

Accordingly, we conclude that a "felony" under the CSA means "any Federal or State offense classified by applicable Federal or State law as a felony." Since the offense in the instant case is neither classified as a felony by Federal or Maryland law, the offense is not a "felony" under 21 U.S.C. 802(13), nor an "aggravated felony" under section 2L1.2 of the Sentencing

Guidelines. The district court erred in so finding. We reverse the application of Section 2L1.2(b)(1)(C) of the Sentencing Guidelines and remand for further proceedings consistent with this opinion.

## IV.

For the reasons stated above, the Court will deny the motion for remand and reverse the ruling of the district court applying the 8 level increase pursuant to section 2L1.2(b)(1)(C) of the Sentencing Guidelines.

*REVERSED AND REMANDED.*

SHEDD, Circuit Judge, concurring in part and dissenting in part.

I fully agree that Amaya–Portillo waived any right to appeal his sentence on Sixth Amendment grounds. *See United States v. Blick,* 408 F.3d 162, 170 (4th Cir.2005). I do not agree, however, with the majority's conclusion that a "felony drug offense" is not an "aggravated felony" under U.S.S.G. § 2L1.2. The majority admits that its interpretation creates an "odd result" in that an offense that qualifies as a "felony drug offense" is nevertheless not a felony. *Ante* at 435. In my view, neither the relevant statutes nor our case law requires such a result.

The Sentencing Guidelines provide for an eight-level enhancement for unlawful reentry .into the United States when the defendant was previously deported after "a conviction for an aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C). Although the term "aggravated felony" is not defined in § 2L1.2, the application note for that subsection states that " 'aggravated felony' has the meaning given that term in [8 U.S.C. § 1101(a)(43) ]." U.S.S.G. § 2L1.2(b)(1)(C), Application Note 3(A).* Under § 1101(a)(43), the term "aggravated felony" includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." A "drug trafficking crime" under § 924(c)(2) is "any felony punishable under the Controlled Substances Act ["CSA"]." Thus, if cocaine possession is a felony punishable under the CSA, then it is an "aggravated felony" for purposes of U.S.S.G. § 2L1.2. *See United States v. Wilson,* 316 F.3d 506, 512 (4th Cir.2003).

Because it is undisputed that cocaine possession is punishable under the CSA, we need only determine whether it "amounts to a felony within the meaning of section 924(c)(2)." *Id.* Section 924(c)(2) does not define the term "any felony." Indeed, as we noted in *Wilson,* "[s]ection 924(c)(2) does not contain any internal limitation on its broad reference to 'any felony' other than that such felonies be punishable under one of the enumerated

---

* Application Note 3(A) plainly refers to § 1101(a)(43) to supply a definition for the term "aggravated felony," and the majority's reliance upon the definition of "felony" in Application Note 2 is misplaced. According to the majority, the fact that Application Note 3 does not incorporate the definition of "felony" described in Application Note 2 "indicates that the Sentencing Commission did not intend for potential punishment to be the appropriate measure for determining whether a prior offense constitutes an 'aggravated felony.' " *Ante* at 433. I disagree. Application

Note 3 indicates nothing more than the Commission's intention to define "aggravated felony" in a manner consistent with the definition of that term in another federal statute. Thus, if the majority wishes to say that the term "aggravated felony" is defined by reference to classification but not potential punishment, then it must say so on the authority of § 1101(a)(43) and not Application Note 2. In any event, nothing in the definition of "felony" in Application Note 2 excludes consideration of potential punishment in determining whether an offense is an "aggravated felony" under Application Note 3.

statutes." 316 F.3d at 513. · The common and ordinary meaning of the word "felony" is "a serious crime usually punishable by imprisonment for more than one year or by death." *Black's Law Dictionary* (8th ed.2004). Thus, any offense punishable by more than one year's imprisonment qualifies as "any felony" under § 924(c)(2).

To the extent that the term "any felony" has a specialized meaning in this context, we should consider relevant definitions in the CSA to determine what Congress meant by this term. *See Wilson,* 316 F.3d at 513 (stating that "[t]he CSA definition of felony, while not itself a part of section 924(c)(2), is nevertheless relevant as an interpretive matter"). The CSA contains two definitions relevant to the issue presented in this case. First, the CSA defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). Second, the CSA defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." *Id.* § 802(44).

The majority asserts that our decision in *Wilson* precludes any consideration of the definition of "felony drug offense" under § 802(44). I disagree. In *Wilson,* we addressed the question whether a state law crime that was *both* classified as a felony under state law (but not federal law) *and* punishable by more than one year's imprisonment qualified as "any felony" within the meaning of § 924(c)(2). Using the "clear and unambiguous" definition of "felony" in § 802(13) as interpretive guidance, we held that the state law offense at issue in *Wilson* was a felony within the meaning of § 924(c)(2) because the offense was clas-

sified as a felony under state law. 316 F.3d at 513.

*Wilson* does not address the issue presented here, *i.e.,* whether an offense that is not classified as a felony but that is punishable by more than one year's imprisonment qualifies as "any felony" for purposes of § 924(c)(2). Nor does *Wilson* purport to restrict the meaning of "any felony" to the definition of "felony" in § 802(13). In my view, the definition of "felony drug offense" in § 802(44) is just as relevant to the interpretation of "any felony" as the definition of "felony" in § 802(13).

The alternate definition of "felony drug offense" in § 802(44) indicates Congress' understanding that offenses punishable by more than one year's imprisonment— whatever their classification—are considered to be felonies. *See also* 18 U.S.C. § 3559(a) (describing all federal offenses punishable by more than one year's imprisonment as felonies); *Id.* § 922(g)(1) (criminalizing possession of a firearm by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year"); U.S.S.G. § 2L1.2, Application Note 2 (defining "felony" for certain purposes to mean any offense "punishable by imprisonment for a term exceeding one year"). Given the purpose of § 924(c) to punish criminals who use firearms "during and in relation to any . . . drug trafficking crime," 18 U.S.C. § 924(c)(1)(A), I think it unlikely that Congress intended to restrict the meaning of "any felony" in § 924(c)(2) to only those offenses formally classified as felonies. Rather, the term "any felony" under § 924(c)(2) should include all offenses that are *either* classified as felonies *or* punishable by more than one year's imprisonment. In other words, although classification as a felony is sufficient to qualify an offense as "any felony" under

§ 924(c)(2), *see Wilson*, 316 F.3d at 513, it is not necessary.

Under Maryland law, cocaine possession is classified as a misdemeanor but punishable by up to four years' imprisonment. *See* Md.Code Ann., Crim. Law § 5–601(c)(1) (2005). Because cocaine possession is punishable by more than one year's imprisonment, it is "any felony" under § 924(c)(2) and therefore an "aggravated felony" under U.S.S.G. § 2L1.2. I would affirm the district court's application of the eight-level enhancement.

