**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4168

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL HENDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00049-8-MU)

Submitted: October 19, 2007          Decided: November 1, 2007

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, P.A., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Henderson pled guilty to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2000). In December 2004, the district court sentenced Henderson as a career offender to 262 months of imprisonment. On appeal, Henderson asserts that, in light of United States v. Booker, 543 U.S. 220 (2005), the district court violated his Sixth Amendment rights by sentencing him as a career offender based upon prior convictions that were neither charged in the indictment nor admitted by him. He also contends that counsel provided ineffective assistance by failing to object to his career offender designation on Sixth Amendment grounds. The Government asserts that Henderson validly waived the right to appeal his sentence in the plea agreement and that his ineffective assistance claim fails on the merits. We dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly

- 2 -

waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Henderson knowingly and voluntarily waived the right to appeal his sentence. Moreover, the Booker sentencing issue raised on appeal falls within the scope of the waiver. See id. at 169-70, 173; see also Johnson, 410 F.3d at 152-53.

Although the waiver provision in the plea agreement precludes our review of the sentencing claim, the waiver contains an exception for claims of ineffective assistance of counsel. This court, however, "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 546 U.S. 1203 (2006). Because we find that counsel's ineffectiveness does not conclusively appear from the record, we decline to address Henderson's ineffective assistance claim on direct appeal.

Accordingly, we dismiss Henderson's appeal of his sentence based upon Booker and, to the extent Henderson raises an ineffective assistance claim, we decline to address that claim in this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED