**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4072**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RODRIGO CALDERO MARTINEZ,

                    Defendant - Appellant.

**No. 07-4431**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RENE DE LA CRUZ,

                    Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:05-cr-00028-gec)

Submitted: February 5, 2008        Decided: April 18, 2008

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

No. 07-4072 affirmed; No. 07-4431 dismissed by unpublished per curiam opinion.

_____

William A. Mitchell, Jr., BRENNAN, SULLIVAN & MCKENNA, LLP, Greenbelt, Maryland; Mark D. Kidd, OSTERHOUDT, PRILLAMAN, NATT, HELSCHER, YOST, MAXWELL & FERGUSON, PLC, Roanoke, Virginia, for Appellants. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rene De La Cruz and Rodrigo Caldero Martinez appeal following their convictions and sentences for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000). De La Cruz contends that his guilty plea, entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), and containing an appeal waiver, was not made knowingly, voluntarily, and intelligently, and that the district court erred in accepting it. Martinez argues that the district court erred in enhancing his sentence based upon facts that were determined by the court by a preponderance of the evidence, relying in part on statements by witnesses who did not testify at his sentencing hearing.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). This court generally enforces appeal waivers. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." Id. (internal quotations and citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the

- 3 -

accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). The validity of an appellant's waiver of his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

De La Cruz is a native of Mexico, where he completed the eleventh grade, and he has limited abilities in the English language. De La Cruz was advised by two attorneys concerning his guilty plea, one of whom speaks Spanish. Both attorneys were present at De La Cruz's change of plea hearing and indicated their belief that he understood the significance and implications of his Alford plea. At the hearing, counsel for the Government explained that De La Cruz was waiving his right to direct appeal under the terms of his plea agreement. The district court questioned De La Cruz extensively regarding his plea and the appeal waiver provision. When the district court questioned De La Cruz concerning his understanding of the appeal waiver provision, he initially stated, "I don't really understand what was explained to me, the sentence they are going to give me, whether I'm going to fight it or--what was that?" The district court then explained that De La Cruz's sentence would not be determined until after he entered his guilty plea. The court asked whether De La Cruz

understood that, pursuant to his plea agreement, he was waiving his right to appeal the sentence that would be imposed and the court's decision to accept his guilty plea, to which De La Cruz answered "Yes." At each point during the plea hearing, when De La Cruz indicated he did not understand a particular element of his plea, the district court reiterated or further explained its question, and De La Cruz affirmatively answered that he understood that portion of his plea. Based upon the totality of the circumstances surrounding De La Cruz's guilty plea, his plea was made knowingly, voluntarily, and intelligently. Accordingly, we dismiss De La Cruz's appeal, No. 07-4431, based upon the appeal waiver in his plea agreement.

The district court applied a two-level enhancement to Martinez's sentence based upon his possession of a firearm during the offense, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2006), and a three-level enhancement based upon Martinez's role as a manager or supervisor in the conspiracy, but not an organizer or leader, pursuant to USSG § 3B1.1(b) (2006). Martinez objected to the enhancements at his sentencing hearing, but the district court applied them based upon testimony from a special agent for the Drug Enforcement Administration that Martinez's role in the conspiracy evolved to that of a manager over time and that Martinez exchanged methamphetamine for firearms on two occasions during the course of the conspiracy. On cross-

- 5 -

examination, the special agent admitted that he did not directly take part in Martinez's transactions with lower-level methamphetamine distributors and that he was aware of the firearms transactions based upon statements from persons who were unavailable to testify.

Martinez cites <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), for the proposition that the district court erred in imposing a sentence based upon testimonial hearsay that was not subjected to cross-examination. In <u>Crawford</u>, the Supreme Court held that the Confrontation Clause prohibits the admission at trial of testimonial statements that are not subject to cross-examination. <u>Id.</u> at 50-51. The rule in <u>Crawford</u> has not been extended to sentencing hearings. Accordingly, Martinez's argument is meritless, and we affirm his sentence, No. 07-4072.

In sum, we dismiss De La Cruz's appeal and affirm the sentence imposed by the district court as to Martinez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 07-4072 <u>AFFIRMED</u>
No. 07-4431 <u>DISMISSED</u>

- 6 -