<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4296**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT THOMAS JONES, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:08-cr-00290-FL-1)

Submitted: March 15, 2010        Decided: April 13, 2010

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Thomas Jones, Jr., appeals his conviction and ninety-seven month sentence after pleading guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2006). On appeal, Jones challenges the validity of his guilty plea and seeks to appeal his sentence. The Government asserts that Jones' guilty plea is valid and that Jones' appeal of his sentence is barred by a valid waiver of appellate rights. Finding no reversible error, we affirm Jones' conviction. Further, we dismiss the appeal of Jones' sentence.

Jones first challenges the validity of his guilty plea, arguing that the district court plainly erred in failing to conduct a deeper inquiry into whether he understood the appellate waiver provision of the plea agreement. Prior to accepting a defendant's guilty plea, Federal Rule of Criminal Procedure 11(b)(1) requires the district court to address the defendant in open court and ensure he understands, among other things, the charge against him and the consequences of his plea, including the consequences of any appellate waiver provision in the plea agreement. Because Jones did not move to withdraw his guilty plea or raise any objections to the Rule 11 colloquy in the district court, we review for plain error. United States v.

2

Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002).

To demonstrate plain error, Jones must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). To satisfy the third prong in the context of a guilty plea, Jones must demonstrate that, but for the district court's error, he would not have entered into the plea agreement. Martinez, 277 F.3d at 532. However, even if Jones is able to demonstrate plain error, we are not required to correct such an error unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 736 (alteration in original) (internal quotation marks omitted).

In conducting the plea colloquy, the district court questioned Jones' understanding of the plea agreement. Jones confirmed that he read the plea agreement and understood every word of it. The district court then explicitly asked Jones whether or not he understood that he was "giving up very valuable rights to appeal," to which Jones responded: "Yes, your Honor." Therefore, we find that the district court committed no error, much less plain error, in questioning Jones about the

3

waiver provision.  Because Jones fails to point to any other deficiencies in the plea colloquy, we find that his guilty plea was knowing and voluntary and we affirm his conviction.

We review a defendant's waiver of appellate rights de novo.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal."  United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted).  To determine whether the waiver is knowing and intelligent, we look to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  General, 278 F.3d at 400 (internal quotation marks omitted).  Generally, if the district court fully questions the defendant about the waiver during the Rule 11 colloquy, the waiver is valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).  We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver."  Blick, 408 F.3d at 168.

At the time Jones entered the plea agreement, he was a forty-nine-year-old college graduate and had been the head paralegal at a law firm prior to his arrest.  The language of

4

the waiver provision was clear and Jones signed the agreement with the advice of counsel. The district court performed a thorough Rule 11 colloquy and, when questioned about the plea agreement, Jones confirmed that he read and understood the agreement and that he understood he was waiving his appellate rights. At no point has Jones argued that he did not understand the plea agreement in general, or the waiver provision in particular. Therefore, we find that Jones' waiver of appellate rights was knowing and intelligent.

Further, the sentencing issue on appeal falls within the scope of the appellate waiver provision. In the plea agreement, Jones clearly waived his right "to appeal whatever sentence is imposed . . . reserving only the right to appeal from a sentence in excess of the applicable Guidelines range that is established at sentencing." Jones was sentenced to ninety-seven months' imprisonment, the low end of the applicable Guidelines range calculated by the district court at sentencing. Thus, Jones' challenge to his sentence is barred by the appellate waiver provision.

Accordingly, we affirm Jones' conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
