**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4379**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

JAMES PLAISIR, a/k/a Q,

               Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:09-cr-00015-JPB-DJJ-1)

Submitted: November 30, 2010     Decided: December 6, 2010

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Nicholas Forrest Colvin, THE LAW OFFICE OF NICHOLAS FORREST COLVIN, ESQ., PLLC, Martinsburg, West Virginia, for Appellant. Betsy C. Jividen, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Plaisir pled guilty to one count of distribution of cocaine base (crack), 21 U.S.C. § 841(a)(1) (2006),[*] and was sentenced to a term of 151 months imprisonment. Plaisir seeks to appeal his sentence, arguing that the district court incorrectly determined the quantity of crack for which he was responsible. The government contends that the appeal should be dismissed based on Plaisir's waiver of appellate rights in his plea agreement. We agree, and dismiss the appeal.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the defendant is fully questioned about the waiver during the plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver if the issue raised on appeal is within the scope of the waiver. Blick, 408 F.3d at 168.

---

[*] A magistrate judge, acting with Plaisir's consent, conducted the Fed. R. Crim. P. 11 hearing. See United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003) (magistrate judge may conduct hearing if defendant waives right to enter guilty plea before district court judge).

Here, the record reveals that Plaisir's waiver was knowing and voluntary. His challenge to the sentence is within the scope of the waiver provision. We therefore dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3