**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-5006**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

AKINYEMI OLUFEMI BAMISAIYE, a/k/a Yemi Olufemi Bamisaiye,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Roger  W.  Titus, District Judge. (8:08-cr-00281-RWT-2)

─────────────

Submitted:  February 15, 2011        Decided:  March 18, 2011

─────────────

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

─────────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

─────────────

G.  Godwin  Oyewole,  LAW  OFFICE  OF  G.  GODWIN  OYEWOLE,  McLean, Virginia,  for  Appellant. Rod  J.  Rosenstein,  United  States Attorney,  David  I.  Salem,  Assistant  United  States  Attorney, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akinyemi Olufemi Bamisaiye pled guilty, pursuant to a written plea agreement, to one count of mail fraud in violation of 18 U.S.C. § 1341 (2006), and one count of money laundering in violation of 18 U.S.C. § 1957 (2006). The district court calculated Bamisaiye's total offense level under the U.S. Sentencing Guidelines Manual (2008) at 23 and his criminal history in Category I, resulting in a Guidelines imprisonment range of 46 to 57 months. The district court sentenced Bamisaiye to 52 months' imprisonment. Bamisaiye appeals and asserts that the appeal waiver in his plea agreement is not enforceable because his plea of guilty was not knowing and voluntary. The Government asserts that the appeal waiver of his right to appeal his sentence is valid and enforceable and bars consideration of his sentencing claims. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea

2

agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Generally, if the district court fully questions a defendant at the Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, an appeal waiver does not bar the appeal of a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. See General, 278 F.3d at 399 n.4. Nor does it bar an appeal raising issues not within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Our review of the record leads us to conclude that Bamisaiye knowingly and voluntarily waived the right to appeal his sentence.[*] Accordingly, the waiver is valid. We have reviewed Bamisaiye's claims of sentencing error and conclude that they fall within the waiver's scope. Accordingly, we dismiss the appeal with respect to Bamisaiye's claims challenging his sentence.

Although Bamisaiye's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our

---

[*] Pursuant to the plea agreement's appeal waiver, Bamisaiye agreed to waive his right to appeal from any sentence within or below the advisory Guidelines range resulting from an adjusted offense level of 23.

3

consideration of any challenges to the validity of his conviction. Bamisaiye contends that his conviction was in violation of due process due to several instances of ineffective assistance of counsel. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id. An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record in this case does not conclusively establish ineffective assistance of counsel, we find that Bamisaiye's claims in this regard are not cognizable in this appeal.

Accordingly, we affirm Bamisaiye's conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4