**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-6314**

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

TRON TYRONE DIXON REID,

　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:08-cr-00128-MR-DLH-12)

Submitted: September 29, 2011　　　Decided: October 5, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tron Tyrone Dixon Reid appeals the amended criminal judgment entered following his guilty plea, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, Reid argues that his eighty-seven-month sentence was unreasonable in light of the Fair Sentencing Act of 2010 and that counsel was ineffective for failing to file a motion for downward departure. The Government asserts that Reid's appeal is barred by the appellate waiver provision in his plea agreement. We affirm the district court's amended judgment in part and dismiss Reid's appeal in part.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so

2

long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

In his plea agreement, Reid agreed to waive the right to contest the conviction and/or the sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct. Reid asserts no error in the plea colloquy nor does he challenge the validity of his appellate waiver. Our review of the record leads us to conclude that Reid's waiver was knowing and intelligent.

Turning to the scope of the waiver, we conclude that Reid's challenge to his sentence based on the applicability of the Fair Sentencing Act falls within the scope of the appellate waiver provision. Thus, we dismiss this portion of the appeal. The waiver provision, however, does not bar Reid's challenge to his sentence based on ineffective assistance of counsel. "A defendant can raise the claim of ineffective assistance of counsel . . . on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance . . . ." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998); see Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (providing standard). We conclude that the record does not conclusively demonstrate that counsel was ineffective; thus, we decline to consider Reid's ineffective assistance claim on direct appeal.

3

Accordingly, we affirm the district court's amended judgment in part with regard to the ineffective assistance claim and dismiss the remainder of the appeal as barred by the waiver provision in the plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
DISMISSED IN PART