**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-4422**

—————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SAMUEL DAVID MCQUEEN, III,

                    Defendant - Appellant.

—————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:10-cr-00275-NCT-1)

—————

Submitted:  November 29, 2011        Decided:  December 19, 2011

—————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Louis C. Allen III, Federal Public Defender, Gregory Davis,
Senior Litigator, Winston-Salem, North Carolina, for Appellant.
Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel David McQueen, III, pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and received a sentence of 112 months imprisonment. McQueen appeals his sentence, contending that the district court erred by applying the cross reference in U.S. Sentencing Guidelines Manual § 2K2.1(c)(1)(A) (2010), and in determining the amount of cocaine base (crack) attributable to him under USSG § 2D1.1. We affirm.

While he was on probation for a prior drug conviction, McQueen sold crack on three occasions and was arrested. In a search of his apartment, investigators found a loaded stolen pistol, small amounts of crack and marijuana, plastic baggies, and a digital scale. McQueen stated that the firearm was his, that he had lived in the apartment for two or three months, and that he sold a quarter-ounce of crack daily while living there. In the presentence report, the probation officer recommended application of the cross reference in § 2K2.1(c)(1)(A) because McQueen possessed the firearm in connection with another offense — drug trafficking. McQueen's base offense level was thus calculated pursuant to § 2X1.1 and § 2D1.1. Because he admitted selling approximately fifteen ounces of crack (425 grams) in the preceding two months, the probation officer recommended a base offense level of 32, and a 2-level increase for possession of a

2

firearm during the offense.  USSG § 2D1.1(c)(4), (b)(1).  With a 3-level adjustment for acceptance of responsibility, McQueen's total offense level was 31.  He was in criminal history category III, which resulted in a recommended advisory Guidelines range of 135-168 months, reduced to 120 months, the statutory maximum for the § 922(g) offense.  See USSG § 5G1.1(a).

McQueen disputed the application of the cross reference, and further argued that, even if it was applicable, he should be held responsible for no more than the crack he possessed on the day he was arrested.  At sentencing, McQueen conceded that an enhancement under § 2K2.1(b)(6) for possession of the firearm in connection with another felony offense would be correct in his case.  He also conceded that the Guidelines directed application of the cross reference in subsection (c)(1) if it yielded a higher offense level, as it did in his case.

The district court applied the cross reference, but held McQueen responsible for only the quantity he sold during the month he possessed the firearm.  The court recomputed the base offense level at 30 and the total offense level at 29.  The revised Guidelines range was 108-120 months.  After hearing argument concerning the sentence and considering the 18 U.S.C. § 3553(a) (2006) sentencing factors, the court imposed a sentence of 112 months imprisonment.

A sentence is reviewed for reasonableness under an abuse of discretion standard, which requires consideration of both the procedural and substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Failing to properly calculate the Guidelines range is a significant procedural error. Id. Generally, we review the district court's interpretation of a statute de novo. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). In this case, no error occurred in the district court's application of the cross reference. Application Note 14(B) to § 2K2.1 states that, when the other offense is a drug offense and the firearm is found in close proximity to drugs or drug paraphernalia, "application of subsections (b)(6) and (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." The firearm was found in a kitchen cabinet where McQueen kept drugs. McQueen conceded that subsection (b)(6) applied. The district court correctly applied the cross reference in subsection (c)(1)(A) because it resulted in a greater offense level, as directed by the Guidelines commentary.

The district court's determination of the quantity of drugs attributable to a defendant is a factual question reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). McQueen contends that no evidence was

4

presented to the district court from which it could calculate the quantity of crack he distributed before his arrest. In fact, the district court relied on McQueen's statement to the police after his arrest, in which he stated that he sold one-quarter ounce of crack per day for two months. When the amount of drugs seized "does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." USSG § 2D1.1 cmt. n.12. To make the determination, "the court may consider . . . similar transactions in controlled substances by the defendant[.]" Id. Thus, the court's determination that McQueen was responsible for 212.7 grams of crack was not clearly erroneous.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED