**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5176**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

WENDELL ANTONIO JOHNSON,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (CR-04-128)

———————

Submitted:  October 24, 2007        Decided:  December 11, 2007

———————

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for
Appellant.  Donald Ray Wolthuis, OFFICE OF THE UNITED STATES
ATTORNEY, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell A. Johnson pled guilty to conspiracy to distribute 50 grams or more of cocaine base and five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000) (Count One), distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) (Count Seven), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) (Count Eight).  The district court sentenced Johnson to 300 months' imprisonment on each of Counts One and Eight and a term of 240 months on Count Seven, all to be served concurrently, imposed a five-year term of supervised release on each count, all to run concurrently, and ordered Johnson to pay a $300 special assessment. Johnson noted a timely appeal from the amended judgment of conviction,[1] and Johnson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the

---

[1]The judgment was amended to correct a clerical error. Counsel had filed a motion requesting correction of the Judgment Order to reflect that the narcotics with which Johnson was involved was cocaine powder, not cocaine base, as reflected in the Judgment Order.  On February 2, 2007, the district court entered a Memorandum Opinion and Order and an Amended Judgment, in which it granted the motion in part, and denied it in part. Specifically, the district court found that the judgment order's description of Count Seven should be changed to reflect that the offense was distribution of cocaine, not cocaine base.  However, the district court found that because Johnson had pled guilty to a conspiracy that had two objectives (cocaine and cocaine base distribution), Counts One and Eight were accurately described, even though Johnson was held accountable only for cocaine powder at sentencing.

district court committed reversible error in failing to <u>sua</u> <u>sponte</u> order a second hearing,[2] as to whether Johnson voluntarily and knowingly pled guilty. Johnson was given an opportunity to file a <u>pro</u> <u>se</u> brief, but has failed to do so.

The Government has moved to dismiss the appeal, asserting that because Johnson validly waived his right to appeal sentencing guideline factors and determinations, in his plea agreement, we lack jurisdiction over the appeal. We grant the motion in part and deny it in part, as discussed below.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. <u>United States v. Amaya-Portillo</u>, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005); <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review <u>de novo</u>. <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Johnson knowingly and voluntarily waived the right to appeal his sentence. Although the waiver provision in the plea agreement

---

[2]Johnson contends this hearing should have been conducted prior to the district court's entry of its Amended Order correcting the clerical error.

precludes our review of the sentence, we note that Johnson did not waive his right to appeal his conviction. Thus the waiver does not preclude our review of the issue Johnson raises by counsel, nor any error in Johnson's conviction that may be revealed by our review pursuant to <u>Anders</u>.

We find that Johnson has not presented a fair and just reason to support his claim that a second evidentiary hearing was necessitated, nor was he entitled to a hearing as a matter of right. He does not contend that his Rule 11 hearing was improper, nor is any error evident on the record relative to that hearing.[3] He does not contend that he sought a second guilty plea hearing and, in fact, contends that the district court should have conducted such a hearing <u>sua</u> <u>sponte</u>. There is no legal basis to support such a contention, nor does Johnson provide any. The correction made by the district court with regard to the Amended Judgment was clerical in nature, and was made to clarify that, as to Count Seven, Johnson would be held accountable for distribution of powder, not crack, cocaine.[4] The amendment to the Judgment

---

[3]Johnson did not move in the district court to withdraw his guilty plea, and any error committed during the Fed. R. Crim. P. 11 hearing is reviewed for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002).

[4]As the district court held, Count One related to the conspiracy count, and Johnson clearly pled guilty to involvement with a conspiracy that distributed and possessed both powder and crack cocaine, as reflected in the indictment. As such, Count One was accurately described in the Judgment Order and no amendment was required. Moreover, Count Eight related to possession and intent

- 4 -

Order did not in any way affect Johnson's guilty plea. Rather, it was merely reflective of the plea Johnson entered into in the first instance. Correction of a clerical error such as this does not necessitate an evidentiary hearing, nor was it error for the district court not to <u>sua</u> <u>sponte</u> offer such a hearing to Johnson. The record is clear as to the offenses to which Johnson pled guilty. No evidentiary hearing was necessary, and Johnson's claim of error in the district court's failure to provide him with such a hearing is without merit. Thus, we deny, in part, the Government's motion to dismiss and affirm Johnson's conviction.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Johnson's conviction and dismiss any appeal of his sentence. We further deny, at this juncture, counsel's motion to be relieved. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the

to distribute cocaine, and also was accurately described in the Judgment Order. Hence, the only amendment necessary was to correct that portion of the judgment order that related to Count Seven to reflect that Johnson possessed with the intent to distribute cocaine, not crack cocaine.

client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>