**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4186**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE MAURICE ELLERBEE,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (7:05-cr-00086-BR)

―――――――――

Submitted:  January 16, 2008        Decided:  February 7, 2008

―――――――――

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Maurice Ellerbee pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (2000), and was sentenced to 120 months imprisonment. On appeal, Ellerbee asserts that the district court erred in calculating his base offense level by cross-referencing the drug trafficking guideline. The Government asserts that Ellerbee validly waived the right to appeal his sentence in the plea agreement. We dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Ellerbee knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issue raised on appeal falls within the scope of the waiver. Accordingly, we dismiss Ellerbee's

- 2 -

appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
