**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4575

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CURTIS DARYLE TINSLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:06-cr-00009-jlk)

Submitted: November 26, 2007      Decided: February 13, 2008

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant. Craig Jon Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Daryle Tinsley pled guilty to carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2000), and distribution of more than fifty grams of cocaine base, 21 U.S.C. § 841(a)(1) (2000). He was sentenced to 322 months of imprisonment. Tinsley's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Tinsley's guilty plea was knowing and voluntary because the district court conducted the Fed. R. Crim. P. 11 hearing jointly, for Tinsley and two of his co-defendants. Although Tinsley was informed of his opportunity to file a pro se supplemental brief, Tinsley has not done so. The Government has moved to dismiss the appeal, asserting that Tinsley validly waived his right to appeal in his plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo.

United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  Our review of the record leads us to conclude that Tinsley knowingly and voluntarily waived the right to appeal his sentence.  Because Tinsley's valid and enforceable waiver of appellate rights precludes review of any sentencing issues raised on appeal or conducted by this court under Anders, we grant, in part, the Government's motion to dismiss the appeal of Tinsley's sentence.

Although the waiver provision in the plea agreement precludes our review of the sentence, Tinsley did not waive his right to appeal his convictions.  Thus, the waiver does not preclude our review of any error in Tinsley's convictions raised by counsel or revealed by our review pursuant to Anders.  We have reviewed the transcript of the plea colloquy and find that the district court fully complied with the mandates of Rule 11 in accepting Tinsley's guilty plea.  With respect to counsel's argument that the court erred in conducting a joint Rule 11 proceeding of Tinsley and two of his co-defendants, counsel points to no authority that such a proceeding is inherently improper or that it renders a defendant's guilty plea unknowing or involuntary.  Furthermore, there is no evidence in this particular case that the collective proceeding violated any of Tinsley's rights.  The court questioned Tinsley individually in conducting the Rule 11 colloquy and discussed with him one-on-one the charges against him, his range of punishment, and his plea agreement.  Thus, we deny, in

part, the Government's motion to dismiss and affirm Tinsley's convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We affirm Tinsley's convictions and dismiss the appeal of his sentence. We deny counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion at that time. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

- 4 -