**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5148**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ROBIN IRENE TRAVIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.    Jerome B. Friedman,
District Judge.   (4:07-cr-00047-JBF-FBS-1)

Submitted:  October 20, 2008        Decided:  November 4, 2008

Before TRAXLER, KING, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Bryan L. Saunders, Newport News, Virginia, for Appellant. Chuck
Rosenberg, United States Attorney, Brian J. Samuels, Assistant
United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Irene Travis pled guilty to conspiracy to commit mail and wire fraud and was sentenced to 60 months in prison. On appeal, her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of Travis's sentence, but concluding that there were no meritorious issues for appeal. The Government filed a brief noting that Travis had waived her right to appeal in her plea agreement. We affirm in part and dismiss in part.

In her plea agreement, Travis waived the right to "appeal the conviction and any sentence within the statutory maximum." A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the accused's experience, conduct, educational background, and familiarity with the terms of the plea agreement. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). The question of whether a defendant validly waived her right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Our review of the record leads us to conclude that Travis knowingly and voluntarily

waived the right to appeal the reasonableness of her sentence. Thus, we dismiss the claim raised in Travis's <u>Anders</u> brief.

However, an appeal waiver does not preclude (1) challenges to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, (2) appeals from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or (3) claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). Therefore, Travis's waiver does not preclude our review pursuant to <u>Anders</u> for any claims that might fall outside the scope of the waiver. Nonetheless, because a thorough review disclosed no meritorious issues, we affirm Travis's conviction and sentence with regard to any claims falling outside the scope of the waiver.

Thus, we affirm in part and dismiss in part. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>