**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5061**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ABRAHAM F. MARSETT, a/k/a Abe, a/k/a A,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:07-cr-00098-JPB-DJJ-3)

Submitted: May 29, 2009           Decided: July 2, 2009

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

James T. Kratovil, Aaron C. Amore, KRATOVIL & KRATOVIL, PLLC, Charles Town, West Virginia, for Appellant. Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abraham F. Marsett timely appeals from the 120-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of distribution of cocaine base, in violation of 18 U.S.C. § 841(a)(1) (2006). Marsett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but noting Marsett's argument that the sentence is too harsh and that the Guidelines "failed to recognize the insignificance of his prior record." Marsett has not filed a pro se brief, though he was informed of his right to do so. The Government filed a motion to dismiss the appeal on the basis of Marsett's waiver of appellate rights in the plea agreement. Marsett's counsel responded, stating that he "can find no grounds to advance in opposition of the Motion to Dismiss the Appeal."

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks and citation omitted). To determine whether the waiver is knowing and intelligent, we look to "the totality of the circumstances,

2

including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions the defendant about the waiver during the Rule 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Marsett does not challenge the validity of his waiver of appellate rights; he simply argues his sentence is too harsh given his criminal background. The waiver provision is clearly set forth in the plea agreement. Both Marsett and his counsel signed each page of the agreement, including the pages containing the waiver provision. Moreover, during the Rule 11 colloquy, the magistrate judge specifically asked Marsett if he understood he was waiving his rights to appeal his sentence. Marsett responded affirmatively and his counsel also affirmed that he thought Marsett fully understood his waiver of appellate rights. The magistrate judge also found that Marsett was competent to plead guilty and made the plea knowingly and voluntarily, with full knowledge and understanding of the consequences. We therefore conclude that Marsett's waiver of

appellate rights is valid. Additionally, because Marsett's valid waiver clearly forecloses review of the sentencing issue raised on appeal, we grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

The waiver provision, however, waives only Marsett's right to appeal his sentence. Although neither Marsett nor his counsel assert any errors related to Marsett's guilty plea or conviction, such review is required by Anders and is not foreclosed by the appellate waiver. In accordance with Anders, we have reviewed the record and have found no such potentially meritorious issues for appeal. The magistrate judge fully complied with Rule 11 in accepting Marsett's guilty plea and ensured it was knowing, voluntary, and supported by an independent factual basis. See Fed. R. Crim. P. 11(b)(1)-(3). Therefore, we deny the Government's motion to dismiss in part and affirm Marsett's conviction.

Accordingly, the Government's motion to dismiss is granted in part and denied in part, Marsett's appeal of his sentence is dismissed, and his conviction is affirmed. This court requires that counsel inform Marsett, in writing, of his right to petition the Supreme Court of the United States for further review. If Marsett requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Marsett.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
