**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4387**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DON MCALLISTER,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:09-cr-00096-JPB-DJJ-1)

Submitted:  October 7, 2010      Decided:  November 12, 2010

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Kevin D. Mills, MILLS & ASSOCIATES, P.L.L.C., Martinsburg, West Virginia, for Appellant.  Betsy C. Jividen, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Don McAllister appeals the criminal judgment entered following his guilty plea, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting that McAllister waived his right to appeal his sentence but questioning whether the district court abused its discretion in denying McAllister's unopposed motion to continue the sentencing hearing. McAllister was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss the appeal based on the appellate waiver provision in McAllister's plea agreement. McAllister opposes the motion, arguing that the issue raised is outside the scope of the appellate waiver.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look to "the totality of the circumstances, including the experience and conduct of the accused, as well as

2

the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

In his plea agreement, McAllister agreed to "waive[] the right to appeal any sentence which is within the maximum provided in the statute of conviction or . . . the manner in which that sentence was determined on any ground whatever." Neither counsel nor McAllister asserts any error in the plea colloquy or challenges the validity of McAllister's appellate waiver. Our review of the record leads us to conclude that McAllister's waiver was knowing and intelligent.

Turning to the scope of the waiver, we conclude that the issue McAllister raises on appeal falls within the scope of the appellate waiver provision. Additionally, McAllister was sentenced to eighty-seven months' imprisonment, within the forty-year maximum sentence authorized by § 841. Thus, McAllister's claim on appeal is barred by the appellate waiver

3

provision, and we grant the Government's motion to dismiss in part and dismiss this portion of the appeal.[*]

The waiver provision, however, only waived McAllister's right to appeal his sentence. Although McAllister does not assert any errors related to his guilty plea or conviction, counsel correctly notes that McAllister's appellate waiver does not preclude our review pursuant to <u>Anders</u>. In accordance with <u>Anders</u>, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore deny the Government's motion to dismiss in part and affirm McAllister's conviction.

This court requires that counsel inform McAllister, in writing, of his right to petition the Supreme Court of the United States for further review. If McAllister requests that a petition be filed, but counsel believes that such a petition

---

[*] In any event, we would find that the district court did not abuse its discretion in denying McAllister's motion for a continuance of the sentencing hearing. <u>See</u> <u>United States v. Midgett</u>, 488 F.3d 288, 297 (4th Cir. 2007) (stating standard of review). McAllister sought the continuance primarily to await pending legislation. <u>See</u> Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372. Although the FSA increased the amounts of crack cocaine that trigger statutory mandatory minimum sentences in § 841, the FSA did not expressly provide that those amendments apply retroactively. Thus, despite the enactment of the FSA, the district court at sentencing had to apply the penalties in effect in 2009 when McAllister committed the instant offense. <u>See</u> 1 U.S.C. § 109 (2006).

4

would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McAllister. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>