**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4534**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

BRIAN JOHNSON,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, Chief District Judge. (5:09-cr-00307-FL-1)

Submitted: February 28, 2011      Decided: March 7, 2011

Before TRAXLER, Chief Judge, and KING and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

G. Ryan Willis, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Jane J. Jackson, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Johnson pled guilty to one count of conspiracy to interfere with commerce by robbery and aiding and abetting, 18 U.S.C. § 1951 & 2 (2006),[*] and was sentenced to a term of 198 months of imprisonment. Johnson seeks to appeal his sentence, arguing that the district court incorrectly increased his offense level by two levels for carjacking, and failed to adequately consider the sentencing factors, 18 U.S.C. § 3553(a) (2006). The government contends that the appeal should be dismissed based on Johnson's waiver of appellate rights in his plea agreement. We agree, and dismiss the appeal.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the defendant is fully questioned about the waiver during the plea colloquy, the waiver is valid and enforceable. United States v. Johnson,

---

[*] A magistrate judge, acting with Johnson's consent, conducted the Fed. R. Crim. P. 11 hearing. See United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003) (magistrate judge may conduct hearing if defendant waives right to enter guilty plea before district court judge).

410 F.3d 137, 151 (4th Cir. 2005).  We will enforce a valid waiver if the issue raised on appeal is within the scope of the waiver.  Blick, 408 F.3d at 168.

Here, the record reveals that Johnson's waiver was knowing and voluntary.  His challenges to his sentence are within the scope of the waiver provision.  We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED