**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5064**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHRISTOPHER LAMAR JACKSON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:07-cr-00711-HFF-4; 7:09-cv-70020-HFF)

_____

Submitted:  February 16, 2012     Decided:  March 1, 2012

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Marc Gregory Hall, HALL & CHO, P.C., Rockville, Maryland, for
Appellant.  William N. Nettles, United States Attorney, E. Jean
Howard, Assistant United States Attorney, Greenville, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lamar Jackson appeals his conviction and 192-month sentence following his guilty plea to conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and fifty kilograms or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court's sentence was proper. Jackson filed pro se supplemental briefs raising additional issues.

Pursuant to our review under Anders, we directed the parties to file supplemental briefs addressing the adequacy of the district court's explanation for the sentence and the standard of review to be applied on appeal. In the supplemental brief, Jackson's counsel asserts the district court failed to provide an adequate explanation for the chosen sentence. The Government asserts that the appellate waiver provision in the plea agreement bars any claim of sentencing error. We affirm in part and dismiss in part.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to

2

forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

In the plea agreement, Jackson agreed to "waive[] the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action," excepting only claims of ineffective assistance and prosecutorial misconduct from the scope of the waiver. Neither counsel nor Jackson asserts any error in the plea colloquy or challenges the validity of the appellate waiver.[*] Our review of the record leads us to conclude that Jackson's waiver was knowing and intelligent.

---

[*] Although Jackson asserts the Government breached the plea agreement by improperly using information he shared under a cooperation agreement to enhance his sentence, we conclude that his claim is not supported by the record.

Turning to the scope of the waiver, we conclude that the issue raised in the _Anders_ briefs and the sentencing issues raised in the pro se supplemental briefs fall within the scope of the appellate waiver provision. Because Jackson's sentencing claims are barred by the appellate waiver provision, we dismiss this portion of the appeal.

The waiver provision does not, however, bar the ineffective assistance claim Jackson raises in his pro se supplemental briefs. "A defendant can raise the claim of ineffective assistance of counsel . . . on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance. . . ." _United States v. Martinez_, 136 F.3d 972, 979 (4th Cir. 1998). We conclude that the record does not conclusively demonstrate that counsel was ineffective. _See_ _Strickland v. Washington_, 466 U.S. 668, 688, 694 (1984) (providing elements of ineffective assistance claim). Thus, we decline to consider Jackson's ineffective assistance claim on direct appeal.

In accordance with _Anders_, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore affirm Jackson's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Jackson, in writing, of his right to petition the Supreme Court of the United States for further review. If

4

Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

5