<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4969**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANTHONY GILLIAM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-cr-00040-BO-1)

Submitted: April 19, 2012          Decided: April 24, 2012

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gilliam pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Gilliam to 110 months in prison. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in applying a cross reference to attempted murder in establishing Gilliam's Guidelines range. Gilliam, informed of his right to file a pro se supplemental brief, has not done so. The Government has moved to dismiss the appeal, asserting that the sentencing claim raised by counsel is barred by a waiver of appellate rights in Gilliam's plea agreement. Counsel for Gilliam opposes the motion as premature. We grant the motion to dismiss in part and deny it in part, affirm Gilliam's conviction, and dismiss the appeal of his sentence.

We review de novo the validity of a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and

2

intelligent, we look to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

In the plea agreement, Gilliam waived his right to appeal any sentence but one in excess of the established Guidelines range. The district court sentenced Gilliam at the bottom of the Guidelines range. Our review of the record convinces us that Gilliam's waiver was knowing and intelligent. The waiver provision was clearly stated in the plea agreement; Gilliam, then thirty-eight and with some college education, was represented by counsel; and the district court substantially complied with the requirements of Fed. R. Crim. P. 11 and specifically reviewed the appeal waiver provision with Gilliam. Therefore, the waiver is valid. Because the sentencing issue raised by counsel in the Anders briefs clearly falls within the scope of the waiver provision, we dismiss the appeal of that claim.

In accordance with Anders, we have thoroughly examined the entire record for any other potentially meritorious issues

outside the scope of Gilliam's appeal waiver and have found none.  Therefore we affirm Gilliam's conviction pursuant to his knowing and intelligent guilty plea, and dismiss the appeal of his sentence.

This court requires that counsel inform Gilliam, in writing, of the right to petition the Supreme Court of the United States for further review.  If Gilliam requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gilliam.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART