**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-5198**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GERALD LEE BANKS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge. (4:11-cr-00034-F-2)

─────────────

Submitted:  November 2, 2012     Decided:  November 21, 2012

─────────────

Before WILKINSON, SHEDD, and THACKER, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────────

David L. Neal, Hillsborough, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Gerald Lee Banks appeals his convictions and the aggregate 240-month sentence imposed by the district court following his guilty plea, pursuant to a written plea agreement, to Hobbs Act robbery and use or carrying of a firearm during and in relation to a crime of violence. On appeal, Banks' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the district court's application of a sentencing enhancement for restraint of the victim in accordance with U.S. Sentencing Guidelines Manual § 3A1.3 (2010). Despite receiving notice of his right to file a pro se supplemental brief, Banks has declined to do so. The Government has filed a motion to dismiss Banks' appeal of his sentence based on the appellate waiver provision in the plea agreement. We grant the Government's motion in part, dismiss Banks' appeal of his sentence, and affirm Banks' convictions.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th

Cir. 2002) (providing standard).  Generally, if the district court fully questions the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).  We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver."  Blick, 408 F.3d at 168.  Our review of the record leads us to conclude that Banks' waiver of appellate rights was knowing and intelligent.  Turning to the scope of the waiver, we conclude that the sentencing issues Banks raises in the Anders brief fall within the scope of the appellate waiver provision.  In addition, there are no other meritorious sentencing issues outside of the scope of the waiver.  Thus, we grant in part the Government's motion to dismiss Banks' appeal of his sentence.

The waiver provision, however, does not preclude our review of Banks' convictions pursuant to Anders.  In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review.  We therefore affirm Banks' convictions.

This court requires that counsel inform Banks, in writing, of his right to petition the Supreme Court of the United States for further review.  If Banks requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to

3

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Banks.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>