**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4365**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JEAN MARIAT TOGNIA, a/k/a Herve Agbleke, a/k/a Leopold
Bajjilekin, a/k/a Teopold Bassilekin, a/k/a Agbleke Herve,
a/k/a Rymsi Kerve, a/k/a Jean-Pierre Lebeurre, a/k/a Tony
Lebeurre, a/k/a Victor Moise, a/k/a Kerve Perin, a/k/a
Tognia Perin, a/k/a Tryamsi Perin, a/k/a Ryamsi Rognia,
a/k/a Perin Ryamsi, a/k/a Jlerve Tognia, a/k/a Perin Tognia,
a/k/a Klerve Perin,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge. (8:11-
cr-00193-RWT-1)

_____

Submitted: November 21, 2012       Decided: December 6, 2012

_____

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

James Wyda, Federal Public Defender, Meghan S. Skelton, Staff
Attorney, Greenbelt, Maryland, for Appellant.  Adam Kenneth Ake,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Jean Mariat Tognia pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006). In the plea agreement, Tognia waived his right to appeal his conviction and sentence, reserving only the right to appeal a sentence exceeding the range provided by offense level thirteen, plus twenty-four months. Tognia now appeals. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Tognia could be guilty of aggravated identity theft because the individual whose identity was at issue gave Tognia permission to use her identity. Tognia was advised of his right to file a pro se supplemental brief, but he has not filed one. Based on the appellate waiver provision in the plea agreement, the Government has filed a motion to dismiss Tognia's appeal of his conviction and sentence, except to the extent that the appeal challenges the voluntariness of Tognia's guilty plea. We dismiss in part and affirm in part.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to

3

forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Our review of the record leads us to conclude that Tognia knowingly and voluntarily waived the right to appeal his conviction and that the issue his counsel asserts on appeal is within the scope of the waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of Tognia's conviction and sentence. Pursuant to Anders, we have reviewed the entire record and have found no unwaived issues that are meritorious and outside the scope of the waiver. We therefore deny in part the Government's motion to dismiss and affirm.

This court requires that counsel inform Tognia, in writing, of his right to petition the Supreme Court of the United States for further review. If Tognia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

4

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tognia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>