**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4723**

———————

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

         v.

VONZELLE WADE CAREY,

                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.   Gina M. Groh,
District Judge. (3:12-cr-00032-GMG-DJJ-1)

———————

Submitted:  March 28, 2013            Decided:  April 1, 2013

———————

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

———————

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

———————

Stephen D. Herndon, Wheeling, West Virginia, for Appellant.
Thomas Oliver Mucklow, Assistant United States Attorney,
Martinsburg, West Virginia; Stephen L. Vogrin, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Vonzelle Wade Carey pled guilty to distribution of a quantity of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2012). In the plea agreement, Carey agreed to waive all rights to appeal any sentence within the maximum possible penalty provided in the statute of conviction, as well as the manner in which any such sentence was determined. Carey now appeals. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal and requesting that the court conduct the review required by Anders. Carey was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss Carey's appeal based on the appellate waiver provision in his plea agreement. We dismiss in part and affirm in part.

In the absence of a motion in the district court to withdraw a guilty plea, this court's review of the plea colloquy is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). After reviewing the plea agreement and the transcript of the plea hearing, we conclude that the magistrate judge fully complied with the requirements of Fed. R. Crim. P. 11 when accepting Carey's guilty plea.

2

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Our review of the record leads us to conclude that Carey knowingly and voluntarily waived the right to appeal his sentence. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of Carey's sentence. The waiver provision, however, does not preclude our direct review of Carey's conviction pursuant to Anders. Accordingly, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the waiver. We therefore deny in

part the Government's motion to dismiss and affirm Carey's conviction.

This court requires that counsel inform Carey, in writing, of his right to petition the Supreme Court of the United States for further review. If Carey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART