**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-5014**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

MICHAEL F. ECK,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. John S. Kaull, Magistrate Judge. (1:12-cr-00086-IMK-JSK-1)

_____

Submitted: March 28, 2013          Decided: April 1, 2013

_____

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Michael F. Eck pled guilty to two counts of willful failure to file tax returns. In the plea agreement, Eck agreed to waive his right to appeal "any sentence corresponding to a base offense level of 16 or lower under the Sentencing Guidelines." The magistrate judge[*] imposed concurrent 12-month sentences on each count, based on the determination of an adjusted offense level of 13. On appeal, Eck's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the guilty plea is valid and whether the sentence imposed is reasonable. Eck filed a pro se brief, asserting that his plea was coerced and that he was denied the right to argue the tax loss amount at sentencing. The Government has moved to dismiss Eck's appeal based on the appellate waiver provision in his plea agreement. We dismiss in part and affirm in part.

In the absence of a motion in the district court to withdraw a guilty plea, this court's review of the plea colloquy is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). After reviewing the plea agreement and the

_____

[*] Eck consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) (2006).

2

transcript of the plea hearing, we conclude that the magistrate judge fully complied with the requirements of Fed. R. Crim. P. 11 in accepting Eck's guilty plea. Eck's contention that he was coerced into entering the plea is belied by his sworn statements to the contrary during the Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Moreover, Eck's argument in his pro se brief that he was denied the right to argue the tax loss amount at sentencing—a right preserved in his plea agreement—is belied by the record, which shows that Eck presented evidence and argument at sentencing in support of his claim of a lesser tax loss amount than was stipulated in the plea agreement. We find no merit to this claim.

We review de novo a defendant's waiver of appellate rights within a plea agreement. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). Our review of the record and consideration of the totality of the circumstances, leads us to conclude that Eck knowingly and voluntarily waived his right to appeal his sentence. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard of review). We

3

therefore grant in part the Government's motion to dismiss and dismiss the appeal of Eck's sentence.

The waiver provision, however, does not preclude our direct review of Eck's conviction. In accordance with the dictates of Anders, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the appeal waiver. We therefore affirm the district court's judgment as to all issues not encompassed by Eck's valid waiver of his right to appeal his sentence.

This court requires that counsel inform Eck, in writing, of his right to petition the Supreme Court of the United States for further review. If Eck requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Eck. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4