**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4554**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BONNIE FRANCIS,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:09-cr-00012-RWT-1)

Submitted: June 20, 2013         Decided: June 25, 2013

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

David I. Schoen, DAVID I. SCHOEN, ATTORNEY AT LAW, Montgomery, Alabama, for Appellant. Christen Anne Sproule, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Bonnie L. Francis pled guilty to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and 100 or more kilograms of marijuana. In the plea agreement, Francis agreed to waive his right to appeal his conviction and sentence, except to the extent that his sentence exceeds the Guidelines range for offense level 28 if he meets the criteria set forth in U.S. Sentencing Guidelines Manual, § 5C1.2(a)(1)-(5), or the Guidelines range for offense level 30 if he does not. The district court found that Francis did not meet the § 5C1.2(a) criteria, but sentenced him to a term of 78 months' imprisonment, which represented the low end of the Guidelines range for offense level 28.

On appeal, Francis' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the validity of the guilty plea and the reasonableness of the sentence. Francis was informed of his right to file a pro se supplemental brief, but has not done so. The Government has moved to dismiss Francis' appeal based on the appellate waiver provision in his plea agreement. We dismiss in part and affirm in part.

2

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Francis' waiver of appellate rights was knowing and intelligent. Turning to the scope of the waiver, we conclude that the sentencing issue raised in the Anders brief falls within the scope of the appellate waiver provision. Francis was sentenced to 78-months' imprisonment, a sentence within the range in which Francis waived his right to appeal. Thus, we grant the Government's motion to dismiss Francis' appeal of his sentence and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our review of the validity of Francis' guilty plea pursuant to Anders. We have reviewed the plea colloquy for plain error and have found none. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard); see also United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). Further, Francis waived any issues with respect to suppression of evidence or speedy trial by entering his guilty plea. See Haring v. Prosise, 462 U.S. 306, 320 (1983) ("[A] guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment."); Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.").

In accordance with the dictates of Anders, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the appeal waiver. We therefore affirm the district court's judgment as to all issues not encompassed by Francis' valid waiver of his right to appeal his conviction and sentence. This court requires that counsel inform Francis, in writing, of his right to petition the Supreme Court of the United States for further review. If Francis requests that a petition be filed, but counsel believes that

4

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Francis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
