**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4834**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOSEPH ALAN LEONARD,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (7:12-cr-00040-BR-1)

───────────

Submitted:  October 24, 2013      Decided:  December 4, 2013

───────────

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

───────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Alan Leonard appeals the 210-month sentence imposed by the district court following his guilty plea, pursuant to a written plea agreement, to deception in connection with the sale of unregistered securities, in violation of 15 U.S.C.A. § 78j(b) (West Supp. 2013), 15 U.S.C.A. § 78ff (2009), and 17 C.F.R. 240.10b-5 (2013). On appeal, Leonard's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence imposed by the district court was substantively reasonable. The Government has filed a motion to dismiss Leonard's appeal based on the appellate waiver provision in the plea agreement. Leonard's counsel opposes the Government's motion as premature. Leonard filed a pro se supplemental brief, in which he argues that the sentence imposed was procedurally and substantively unreasonable and that his appellate waiver was not knowing and voluntary because the court failed to fully question his understanding of the waiver provision and because counsel was ineffective for failing to advise him of the consequences of the appellate waiver. We grant in part the Government's motion and dismiss Leonard's appeal of his sentence, and we deny in part the Government's motion and affirm Leonard's conviction.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). The district court's failure to specifically question the defendant's understanding of the waiver provision is relevant to, but not dispositive of, the question of whether the waiver was knowing and intelligent. General, 278 F.3d at 400. Additionally, while "a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel" United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005), such ineffective assistance must "conclusively appear[] from the record" for the claim to proceed on direct appeal. United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).

Our review of the record leads us to conclude that the present record does not conclusively show that counsel rendered ineffective assistance, and that Leonard's waiver of appellate rights was knowing and voluntary. Thus, the waiver is valid and enforceable.

We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168. We conclude that the sentencing issues raised in both the Anders brief and the pro se supplemental brief fall within the scope of the appellate waiver provision, because the 210-month sentence imposed by the district court was within the Guidelines range established at the sentencing hearing. Therefore, we grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our review of Leonard's conviction pursuant to Anders. We have reviewed the plea colloquy for plain error and have found none. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard); see also United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard).

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore grant Leonard's pro se motion to supplement the record and affirm Leonard's conviction.

This court requires that counsel inform Leonard, in writing, of his right to petition the Supreme Court of the United States for further review. If Leonard requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to

4

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Leonard.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
