**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4300**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GREGORY LAMONT RAWLS, a/k/a G, a/k/a Bobby,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:12-cr-00602-CMC-1)

———————

Submitted: November 19, 2013    Decided: December 5, 2013

———————

Before AGEE, FLOYD, and THACKER, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Columbia, South Carolina, for Appellant. Stacey Denise Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Rawls pled guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon, 18 U.S.C. § 922(g) (2012), and possession of heroin with intent to distribute, 21 U.S.C. § 841(a), (b) (2012), and was sentenced as an armed career criminal to 180 months' imprisonment. In the plea agreement, Rawls agreed to waive his right to appeal his conviction and sentence, except for any claims of ineffective assistance of counsel or prosecutorial misconduct.

On appeal, Rawls' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether counsel was ineffective for failing to file a suppression motion prior to Rawls' guilty plea. Although informed of his right to file pro se supplemental brief, Rawls has not done so. The Government has moved to dismiss Rawls' appeal based on the appellate waiver provision in his plea agreement. We dismiss in part and affirm in part.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks

2

omitted).  Generally, if the district court fully questions the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).  We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver."  Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Rawls' waiver of appellate rights was knowing and intelligent. Therefore, we grant the Government's motion to dismiss Rawls' appeal as to his sentence and dismiss this portion of the appeal.  The waiver provision does not, however, preclude our review of Rawls' claim that his attorney was ineffective for failing to file a suppression motion.  Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255).  We find the record in this case falls short of this exacting standard.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the appeal waiver.  We therefore affirm the district

3

court's judgment as to all issues not encompassed by Rawls' valid waiver of his right to appeal. This court requires that counsel inform Rawls, in writing, of his right to petition the Supreme Court of the United States for further review. If Rawls requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rawls. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4