**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4416**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ESTEE PETE GILSTRAP,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Anderson.   J. Michelle Childs, District Judge.  (8:12-cr—00481-JMC-4)

───────────

Submitted:  December 19, 2013      Decided:  December 23, 2013

───────────

Before SHEDD, DAVIS, and FLOYD, Circuit Judges.

───────────

Dismissed in part, affirmed in part by unpublished per curiam opinion.

───────────

William I. Bouton, WILKINS & BOUTON, LLC, Greenville, South Carolina, for Appellant.   Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Estee Pete Gilstrap pled guilty to possession with intent to distribute 50 grams or more of methamphetamine and using and carrying a firearm during and in relation to a drug trafficking offense. In the plea agreement, Gilstrap agreed to waive his right to appeal his conviction and sentence, except on grounds of ineffective assistance of counsel or prosecutorial misconduct. Gilstrap now appeals. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of the guilty plea and the reasonableness of the sentence. Gilstrap was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss Gilstrap's appeal based on the appellate waiver provision in his plea agreement. We dismiss in part and affirm in part.

In the absence of a motion in the district court to withdraw a guilty plea, this court's review of the plea colloquy is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). After reviewing the plea agreement and the transcript of the plea hearing, we conclude that the district court fully complied with the requirements of Fed. R. Crim. P. 11 when accepting Gilstrap's guilty plea.

2

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). To determine whether the waiver is knowing and intelligent, we look "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Our review of the record leads us to conclude that Gilstrap knowingly and voluntarily waived the right to appeal his sentence. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of Gilstrap's sentence. The waiver provision, however, does not preclude our direct review of Gilstrap's conviction pursuant to Anders. Accordingly, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the waiver. We therefore deny in part the Government's motion to dismiss and affirm Gilstrap's conviction.

This court requires that counsel inform Gilstrap, in writing, of his right to petition the Supreme Court of the United States for further review. If Gilstrap requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gilstrap. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4