**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4679**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOEL DOMINGUEZ-ARMAS,

                Defendant - Appellant.

_____

**No. 13-4681**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOEL DOMINGUEZ-ARMAS,

                Defendant – Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:12-cr-00362-BR-1; 5:13-cr-00151-BR-1)

_____

Submitted:  May 19, 2014           Decided:  May 28, 2014

_____

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Dominguez-Armas pled guilty, pursuant to a written plea agreement, to possession of a firearm by an illegal alien, 18 U.S.C. § 922(g)(5) (2012), and illegal reentry, 8 U.S.C. § 1326(a) (2012). On appeal, Dominguez-Armas' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred by cross-referencing the firearms offense to the Guidelines governing robbery. Although advised of his right to file a supplemental pro se brief, Dominguez-Armas has not done so. The United States seeks to dismiss the appeal based on the appellate waiver provision in the plea agreement.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). Generally, if the district court fully questions the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a

3

valid waiver so long as "the issue being appealed is within the scope of the waiver."  Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Dominguez-Armas' waiver of appellate rights was knowing and intelligent.  Because the only issue he raises on appeal falls within the scope of the waiver, we grant the Government's motion to dismiss Dominguez-Armas' appeal as to his sentence and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Dominguez-Armas' conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the appeal waiver.  We therefore affirm the district court's judgment as to all issues not encompassed by Dominguez-Armas' valid waiver of his right to appeal.

This court requires that counsel inform Dominguez-Armas, in writing, of his right to petition the Supreme Court of the United States for further review.  If Dominguez-Armas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dominguez-

4

Armas.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART