**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4114**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRUCE WILLIAM NOTT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:13-cr-00055-F-1)

Submitted: September 5, 2014          Decided: September 15, 2014

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce William Nott seeks to appeal the lifetime term of supervised release imposed by the district court following his guilty plea to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2012). On appeal, Nott's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the lifetime term of supervised release is substantively reasonable. Nott was advised of his right to file a pro se supplemental brief but did not file one. The Government has filed a motion to dismiss Nott's appeal based on the appellate waiver provision in the plea agreement. Nott's counsel opposes the Government's motion as premature. We grant in part the Government's motion and dismiss Nott's appeal of his sentence, and we deny in part the Government's motion and affirm Nott's conviction.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). Our review of the record leads us to conclude that, under the totality of the circumstances, Nott's waiver of

2

appellate rights was knowing and voluntary, and the waiver provision is therefore valid and enforceable. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard).

We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168. We conclude that the sentencing issue raised in the Anders brief falls within the scope of the appellate waiver provision, as Nott did not specifically exempt from the waiver any right to appeal from the supervised release term imposed by the district court. Therefore, we grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our review of Nott's conviction pursuant to Anders. We have reviewed the plea colloquy for plain error and have found none. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing for plain error standard of review); see also United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard).

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore deny in part the Government's motion to dismiss and affirm Nott's conviction. This court

requires that counsel inform Nott, in writing, of his right to petition the Supreme Court of the United States for further review. If Nott requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nott. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4